This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                          **NO. 31,436**

**GARY GLASS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Defendant appeals his conviction for attempt to commit trafficking by

possession with intent to distribute methamphetamine, claiming that the district court erred in denying his motion to suppress. We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a memorandum in opposition to our proposed disposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm the denial of his motion to suppress and his conviction.

In his docketing statement, Defendant contends that the district court erred in denying his motion to suppress because officers illegally executed the warrant by arriving at the storage unit that was the subject of the search at almost 10:00 p.m., and by conducting the majority of the search after 10:00 p.m. [DS 3] *Cf.* Rule 5-211(B) NMRA (providing in part that "[a] search warrant shall direct that it be served between the hours of 6:00 a.m. and 10:00 p.m., according to local time, unless the issuing judge, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at any time"). We proposed to affirm based on our Supreme Court's decision in *State v. Santiago*, 2010-NMSC-018, 148 N.M. 144, 231 P.3d 600. *See id.*¶ 19 (recognizing that Rule 5-211(B) would not be violated if officers had obtained a warrant and begun the process of clearing the home at 8:00 p.m., even if search personnel did not arrive and the actual search and inventory did not commence until after 10:00 p.m.). We alerted Defendant to the Court's language

in *Santiago* that "Rule 5-211(B) remains a bright-line rule [applicable] where police do not *initially* serve a search warrant or enter the premises until after 10:00 p.m." *Id.* ¶ 22 (emphasis added).

In his memorandum in opposition, Defendant argues that despite the Court's language in *Santiago,* the timing of the search in this case was unreasonable because officers had the warrant for three days and could have executed it at any time and instead chose to wait until almost 10:00 p.m. [MIO 3] Defendant claims this failure to choose a more reasonable time violates the intent of Rule 5-211(B). [MIO 5] We are unpersuaded.

As noted by the Court in *Santiago*, Rule 5-211(B) was drafted to alleviate the problems that a nighttime search may pose when that search takes place in someone's home. *Santiago*, 2010-NMSC-018, ¶¶ 12-15. The Court specifically recognized that Rule 5-211(B) was drafted to address "the typical nighttime search . . . where law enforcement officers arrive at an occupied residence after 10:00 p.m. without prior notice." *Santiago*, 2010-NMSC-018, ¶ 15. Likewise, all of the cases cited by Defendant in support of his contention that the timing of a search must be reasonable, concern the search of a residence. [MIO 6] *See, e.g., State v. Attaway*, 117 N.M. 141, 143, 870 P.2d 103, 105 (1994); *State v. Reynaga*, 2000-NMCA-053, ¶ 2, 129 N.M. 257, 5 P.3d 579.

In this case, it is undisputed that the search satisfied the bright line test set forth in Rule 5-211(B). Moreover, even if Defendant and another person were present in the storage unit at the time officers arrived, [MIO 1] the search was not of a residence. Therefore, even if Defendant is correct that the officers could have executed the warrant and conducted the subsequent search at an earlier time, [MIO 5] we are not convinced that their failure to do so warrants a conclusion that the search of the storage unit was unreasonable. [MIO 5-6] *Cf. Santiago*, 2010-NMSC-018, ¶¶ 11-12 (observing that, "[a]s a general proposition, a nighttime search implicates special concerns of privacy and safety—especially when the search is of a home [because] a person is especially vulnerable in the privacy of his place of repose during the nighttime hours, if he is forced to face a nocturnal confrontation with the police" (internal quotation marks and citation omitted)).

Based upon the foregoing, and for the reasons set forth in our notice of proposed summary disposition, we uphold the district court's denial of Defendant's motion to suppress and affirm his conviction.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

4

WE CONCUR:

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**